**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Joni SEPLOCHA.**

No. 86–322–M.P.

Supreme Court of Rhode Island.

July 23, 1986.

Frank A. Carter, Jr., Chief Disciplinary Counsel, for petitioner.

## OPINION

### PER CURIAM.

The respondent attorney is before the Supreme Court pursuant to Rule 43 of the Supreme Court Rules.

Rule 43 provides:

"An attorney admitted to practice in this state who is convicted in a court of record of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, may, in lieu of or in advance of proceedings pursuant to Rule 42, be ordered to appear before the court to show cause why his admission to the bar should not be revoked or suspended."

On October 21, 1985, respondent entered a plea of nolo contendere in the Superior Court to an indictment charging her with the commission of three felony offenses involving the illegal possession of firearms and possession with intent to deliver controlled substances and possession of a hypodermic needle and syringe. She was adjudicated guilty, and the court imposed a five-year sentence. That sentence was suspended, and she was placed on five years' probation for each count.

Following a petition filed by the disciplinary counsel, she appeared before the court accompanied by her attorney to show cause why her admission to practice law should not be suspended or revoked. At that time it was reported that respondent had pending against her several complaints filed by her clients with the disciplinary counsel, to which complaints she had not yet responded. The court deferred action on the disciplinary counsel's petition to suspend or revoke her right to practice law in order to give her an opportunity to respond to the unanswered complaints. She assured the court she would do so.

The respondent has not answered any of the pending complaints, has failed to appear or to explain her absence from meetings with the disciplinary counsel, and has failed to advise her attorney of the reasons for her failure to do so. In view of the respondent's conviction of serious criminal charges and her complete failure to address pending complaints filed against her by clients who had retained her services, we believe we have no alternative but to order her disbarment.

Therefore, it is hereby ordered and directed that the respondent, Joni Seplocha, be and hereby is disbarred from the practice of law before the courts of this state. She is ordered to comply with the provisions of our Rule 42-15(a) and (b) and to furnish the clerk of this court with the names and addresses of any and all clients presently represented by her on or before the fifteenth day of August 1986.